UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME C., <br><br>　　　　Plaintiff, <br><br>　v. <br><br> ANDREW M. SAUL, <br><br>　　　　Defendant. | Case No. 20-cv-03760-JSC <br><br> **ORDER RE: MOTION FOR ATTORNEY'S FEES** <br><br> Re: Dkt. No. 33 |

Plaintiff's counsel, Robert C. Weems, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in his successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No. 33.)  After careful consideration of Plaintiff's motion and the relevant legal authority, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion for attorney's fees pursuant to Section 406(b).

**BACKGROUND**

This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA's") denial of social security benefits for a combination of physical and mental impairments, including: low back injury, bilateral hip injury, depression, anxiety, and insomnia. On March 9, 2022, the Court granted Plaintiff's motion for summary judgment, denied Defendant's motion, and remanded for a calculation and award of benefits.  (Dkt. No. 31.)

Following remand, Plaintiff was notified that he had been awarded disability benefits as of November 2008. (Dkt. No. 33-3.)  Plaintiff's children were also awarded disability benefits on his behalf.  (*Id.*)  The total amount of past due benefits owed to Plaintiff and his auxiliaries (children) was $256,354.90.  (*Id.*; Dkt. No. 33-4.)  SSA withheld a total of $64,089.50 from these awards for

attorney's fees as 25 percent of the past-due benefits. (Dkt. No. 33-3 at 3, 8, 11, 14; Dkt. No. 34-4.) Plaintiff's counsel thereafter filed the now pending motion for attorney's fees for work performed in this Court under Section 406(b). (Dkt. No. 33.) Pursuant to Plaintiff and his counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff and his auxiliaries. (Dkt. No. 33-2 at 2.) Counsel requests fees in the amount of $55,387.13; that amount represents approximately 25 percent of Plaintiff's past-due benefits less $8,701.60, which is the amount that Plaintiff's counsel could have sought—but did not—in fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Counsel agrees that he will also refund Plaintiff $20,206.70 which is the amount he received in EAJA fees for representing Plaintiff in his first two appeals. Case Nos. 13-3321, 16-1140. (Dkt. No. 33 at 7.)

Plaintiff's counsel served Plaintiff with a copy of the motion. (Dkt. No. 33-1 at ¶ 13.) The Commissioner filed an untimely response to Plaintiff's motion which incorrectly argues that the requested fee of $55,387.13 is in excess of the 25 percent agreed to under the parties' contingency agreement and withheld by the Agency. (Dkt. No. 36.) The Commissioner's response ignores that Plaintiff's retainer agreement with counsel defined past-due benefits as the award received by counsel *and* his auxiliaries—and here Plaintiff's auxiliaries received separate awards totaling $42,373.50 from which a total of $14,124.50 was withheld. (Dkt. No. 33-2 at 2; Dkt. No. 33-3 at 7-14.)

**LEGAL STANDARD**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee

2

agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

## ANALYSIS

Plaintiff's counsel has demonstrated that the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. First, while not dispositive, Plaintiff's and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b), as the agreement provides that counsel will not ask for a fee of more than 25 percent of the total past-due benefits awarded. (Dkt. No. 33-2 at 1.) Second, there is no indication that a reduction in fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff representing him for three appeals and ultimately securing an order of remand for an award of benefits. (Dkt. No. 31.) Nor is the amount of fees, $55,387.13, excessive; in fact, this is less than the amount the SSA specified as 25 percent of Plaintiff's past-due benefits because counsel has deducted the amount he could have sought in additional EAJA fees. *See, e.g.*, *Ciletti v. Berryhill*, No. 17-CV-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (awarding $35,442.00 in fees following an award of $150,993 in past-due benefits); *G.S. v. Kijakazi*, No. 19-CV-07543-JSC, 2022 WL 1452772, at *2 (N.D. Cal. May 9, 2022) (awarding fees in the amount of $30,233 following a past-due benefit

3

award of $120,932); *Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits). Lastly, the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. Plaintiff and counsel entered into the contingency fee agreement in 2013—well before the instant action. (Dkt. No. 33-2.) At that time, the SSA had completely denied Plaintiff any requested benefits. Counsel then represented Plaintiff through three appeals over a nine-year period, each of which secured a remand to the Agency and the last of which resulted in remand for an award of benefits. Accordingly, the Court finds that the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $55,387.13 payable to the Weems Law Offices. Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $20,206.70 to Plaintiff.

**IT IS SO ORDERED.**

Dated: September 16, 2022

JACQUELINE SCOTT CORLEY
United States District Judge